**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ANNAMARIA GIRARDI,

                                                 Plaintiff,

-against-

FERRARI EXPRESS, INC. and FABIO RAVERA,
*Individually*,

                                                Defendants.
-------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

Plaintiff ANNAMARIA GIRARDI ("Plaintiff"), by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-502(a) *et seq.* ("NYCHRL") and seeks damages to redress the injuries she has suffered as a result of **being harassed and discriminated against by Defendants on the basis of her gender/sex (female), together with sexual harassment and *quid pro quo* sexual harassment, resulting in Plaintiff suffering a hostile work environment, and ultimately being constructively terminated by her employer.**

2. Plaintiff is an experienced professional that worked at Defendant FERRARI EXPRESS, INC. for approximately 17 years. However, Plaintiff's career came to a screeching halt

1

    when she was subjected to unwanted sexual comments and physical contact from Defendant FABIO RAVERA, the company's General Manager and Chief Financial Officer ("CFO.")

3. After having suffered in this hostile work environment for approximately ten months, Plaintiff could not take it any longer and was constructively discharged.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

5. This Court has supplemental jurisdiction over Plaintiff's claims under the NYSHRL and the NYCHRL pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred within the Southern District of New York.

7. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2019, (b) receiving a Notice of Right to Sue from the EEOC on May 1, 2020, (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC, and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as **"Exhibit A;"** a copy of the transmittal letter to the NYCCHR *et ano.* is annexed hereto as **"Exhibit B."**

## PARTIES

8. At all relevant times, Plaintiff was and is a female resident of the State of New York, Queens County.

9. Upon information and belief, Defendant FERRARI EXPRESS, INC. ("FERRARI EXPRESS") is a domestic business corporation duly operating under the laws of the State of New York.

10. At all relevant times, Defendant FERRARI EXPRESS operated a jewelry shipping business with locations in New York, Florida, and California, as well as overseas.

11. At all relevant times, Plaintiff was working out of Defendant FERRARI EXPRESS's Manhattan location at 580 5th Avenue, Suite 509, New York, New York 10036.

12. Upon information and belief, Defendant FERRARI EXPRESS employs more than 50 individuals and is thus subject to all statutes upon which Plaintiff is proceeding herein.

13. Upon information and belief, Defendant FABIO RAVERA ("RAVERA") was and is an employee of Defendant FERRARI EXPRESS, holding the position of "General Manager/CFO."

14. At all relevant times, Defendant RAVERA was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Defendant RAVERA had the authority to hire, fire, affect the terms and conditions of Plaintiff's employment, or influence the decisionmaker of same.

15. Defendants FERRARI EXPRESS and RAVERA are hereinafter also referred to as "Defendants."

## MATERIAL FACTS

16. In or around 2002, Plaintiff began working at Defendant FERRARI EXPRESS.

17. In or around September 2015, Plaintiff was promoted to "Export Manager."

18. At all relevant times, Plaintiff was working out of the company's Manhattan location at 580 5th Avenue, Suite 509, New York, New York 10036.

19. Plaintiff's expected salary for 2019 was $90,000.00.

20. Plaintiff was an above-satisfactory employee and was qualified to perform the duties and functions of her employment, a fact that is well documented throughout the 17 years of her tenure at Defendant FERRARI EXPRESS.

21. At the time of her constructive discharge, Plaintiff was Defendant FERRARI EXPRESS's only female manager in the U.S.

22. From approximately November 2018 and until her constructive termination in September 2019, Plaintiff was exposed to an ongoing sex/gender based hostile work environment wherein she was subjected to inappropriate sexually harassing conduct by Defendant RAVERA.

23. The sexually inappropriate behavior of Defendant RAVERA started from the very beginning of his employment at Defendant FERRARI EXPRESS.

24. During the first work meeting that Defendant RAVERA held with Plaintiff, he inquired into whether Plaintiff was married. When she responded "Yes," Defendant RAVERA stated with disappointment and a sexually suggestive manner that it was "a shame" that she was married and that he could "not even try" with her.

25. On various separate occasions, Defendant RAVERA complimented Plaintiff's appearance, stated that she was "not just a pretty face," touched her hair, and rubbed her ears and shoulders at times when he approached Plaintiff at her working station.

26. On each of these occasions, Plaintiff felt extremely uncomfortable, petrified, and objectified.

27. Although Plaintiff attempted to ignore Defendant RAVERA's sexual comments, the

sexual harassment escalated when Plaintiff, Defendant RAVERA, and other employees of Defendant FERRARI EXPRESS travelled to Las Vegas for a trade show in or around May 2019.

28. On or about May 31, 2019, while Plaintiff and Defendant RAVERA were out for what she thought was a professional work dinner, Defendant RAVERA threated Plaintiff's job security when he stated that he could push a button and anyone from the company, including Plaintiff, could be fired, and that luckily for Plaintiff, he liked her.

29. Soon after this threat, Defendant RAVERA propositioned Plaintiff for sex by stating "You know what would be great? If tonight you sleep with me."

30. Plaintiff immediately refused but Defendant RAVERA insisted and continued trying to convince her to sleep with him by telling her that he had a very open relationship with his girlfriend, who was in Italy, and that Plaintiff's husband did not need to know about it.

31. Plaintiff continued to refuse Defendant RAVERA's sexual propositions, which continued when they returned to their hotel.

32. Defendant RAVERA followed Plaintiff to the hotel's elevator and stated "last chance" in a sexually suggestive manner. Plaintiff once again refused.

33. Plaintiff felt embarrassed, disgusted and intimidated by her supervisor's unlawful harassment, especially given the fact that he had just threatened her job.

34. Soon after, a team from Defendant FERRARI EXPRESS drove from Las Vegas to Los Angeles. Plaintiff volunteered to drive and Defendant RAVERA sat in the passenger seat, with two additional coworkers of theirs sitting in the back.

35. During the drive, Defendant RAVERA started touching Plaintiff's arm and caressing her hand. Plaintiff would continuously take her hand away but Defendant RAVERA would do it again.

36. Plaintiff felt extremely uncomfortable and disturbed by Defendant RAVERA touching her without her permission and with her coworkers being in the back seat.

37. At another occasion during the summer of 2019, while Plaintiff was eating, Defendant RAVERA stated "I see you're stressed out. I hope you don't stress-eat and gain weight."

38. Plaintiff felt extremely uncomfortable by Defendant RAVERA's inappropriate comment.

39. In or around August of 2019, Plaintiff and Defendant RAVERA travelled to New Jersey for a business meeting with a new client.

40. During the business meeting, Defendant RAVERA aggressively cut her off while she was in the middle of speaking and openly embarrassed her in front of the new client's representatives.

41. On their way back from the meeting, Defendant RAVERA once again propositioned Plaintiff and suggestively stated "You know what I think is a good idea? If you come to my place in Long Island City."

42. During the ride back from the New Jersey meeting, Plaintiff also asked Defendant RAVERA to turn on the AC, to which he responded "No, I like it sweaty," in a sexually suggestive manner.

43. Plaintiff felt extremely uncomfortable, disturbed, and intimidated by Defendant RAVERA's continuous propositions despite her repeated rejections.

44. On or about September 6, 2019, for her own mental health and well-being, and as a result of Defendants' ongoing harassment, Plaintiff felt that she could no longer endure the discriminatory work environment and felt as if she had no other choice but to resign from her position at Defendant FERRARI EXPRESS. That same day, Defendant RAVERA had again rubbed Plaintiff's ears and shoulders in a sexually inappropriate manner.

45. Defendants thereby constructively terminated Plaintiff.

46. Defendants' actions were intended to, and did, create a hostile work environment that no reasonable person would tolerate.

47. Upon information and belief, Defendant FERRARI EXPRESS was aware of this and other sexually harassing behaviors by multiple employees in managerial positions and did not take any action to prevent the harassment.

48. The above are just some of the examples of the harassment that Plaintiff had to endure while working for Defendants.

49. On or about September 9, 2019, Plaintiff informed Dino Ferrari, the President of Defendant FERRARI EXPRESS about the sexual harassment that she had been experiencing while working for Defendant FERRARI EXPRESS and which led to her constructive discharge.

50. Despite Plaintiff informing Mr. Ferrari about the sexual harassment, upon information and belief, Defendant RAVERA's actions were not investigated or reprimanded in any way and he has been allowed to continue at his position with Defendant FERRARI EXPRESS until the end of his previously agreed upon term.

51. Upon information and belief, Defendant RAVERA made sexually inappropriate comments about clients and touched other female employees inappropriately too.

52. **Defendants treated Plaintiff differently, solely due to her sex/gender (female)**.

53. Plaintiff has been unlawfully discriminated against, humiliated, degraded and belittled, and as a result, suffered a violation of her rights, emotional distress, loss of income/earnings, loss of salary, loss of benefits, special damages, legal fees/costs, loss of enjoyment of life, economic hardship, inconvenience, and emotional pain and suffering.

54. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

55. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII
## (Not Against Defendant RAVERA)

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

57. This claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of Defendant FERRARI EXPRESS.

58. Plaintiff complains of Defendant FERRARI EXPRESS's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's **sex**.

59. Defendant FERRARI EXPRESS engaged in unlawful employment practices by discriminating against Plaintiff because of her **sex (female/sexual harassment)**.

## AS A SECOND CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYSHRL

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

61. Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, **sex**, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

62. Defendants engaged in unlawful discriminatory practices by discriminating against

Plaintiff because of her **sex (female/sexual harassment)**.

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYCHRL

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

64. New York City Administrative Code §8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

65. Defendants engaged in unlawful discriminatory practices by discriminating against Plaintiff because of her **gender (female/sexual harassment)**.

## JURY DEMAND

66. Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYCHRL, and the NYSHRL in that Defendants discriminated against Plaintiff on the basis of her gender/sex;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury,

distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred in the prosecution of this action; and

F. Awarding such other legal and equitable relief as this Court deems necessary, just, and proper.

Dated: New York, New York
June 5, 2020

By: *Brittany Stevens*

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

Brittany A. Stevens
Katerina Housos
45 Broadway, Suite 620
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
bstevens@tpglaws.com
khousos@tpglaws.com
*Attorneys for Plaintiff*